FILED
BILLINGS DIV.

2008 MAY 7 AM 8 48

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| PAUL LANDE, JR., and BARBARA J. LANDE, | CV-08-02-BLG-RFC-CSO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| vs. | |
| PAUL A. LANDE SR., JEANNE R. LANDE, and CHARLES F. CONNERS, Secretary of Agriculture, United States of America, et al., | |
| Defendants. | |

Plaintiffs Paul Lande, Jr., and Barbara J. Lande (together "Lande Jr."), brought

this action to quiet title to certain real property located in Bighorn County, Montana.

Pending before the Court is Motion to Dismiss filed by defendants Charles F. Conners,

in his official capacity as Secretary of the United States Department of Agriculture, and

Dirk Kempthorne, in his official capacity as Secretary of the United States Department

of the Interior's (collectively "the United States'"). *Court's Doc. No. 14.* Lande Jr.

-1-

resists the motion. *Court's Doc. No. 18.* For reasons discussed below, the Court recommends granting the motion.[1]

## I.    BACKGROUND

The background facts necessary to resolve this motion are as follows. From December 12, 1979 through February 17, 1981, the United States made three loans to Paul Lande Sr. and Jeanne R. Lande ("Lande Sr."). United States v. Paul A. Lande Sr., Jeanne R. Lande, et al., CV-06-40-BLG-CSO, *Judgment, Decree of Foreclosure and Order of Sale (Court's Doc. No. 90) , ¶¶ 4-5("JDFOS").* These loans were secured by a mortgage against certain real property owned by Lande Sr. in Bighorn County. *Id., ¶ 6.*

On March 13, 2006, the United States filed an action to foreclose on the mortgage in the United States District Court for the District of Montana. *Second Amended Complaint (Court's Doc. No. 17), ¶ 6 ("SAC").* On March 24, 2006, the United States filed a Lis Pendens with the Clerk and Recorder of Bighorn County, providing notice of the foreclosure action. *Br. Supporting MTD (Court's Doc. No. 15) at 3.*

On February 20, 2007, Lande Sr. executed a quit claim deed passing to Lande Jr. title to the Bighorn County real property subject to the Unites States' foreclosure action. *SAC, ¶ 1.*

On January 9, 2008, Lande Sr. and the United States stipulated to entry of the JDFOS. CV-06-40-BLG-CSO, *Court's Doc. No. 88.* On January 10, 2009, the Court

---

[1]By Order dated February 26, 2008, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b), including submission of proposed findings and recommendations. *Court's Doc. No. 12.*

issued the JDFOS. CV-06-40-BLG-CSO, *Court's Doc. No. 90.* The JDFOS provides in

part:

> The Defendants, and any and all persons claiming under
> them, and all persons having liens subsequent and inferior
> to the lien of the Plaintiff's mortgage, either by mortgage,
> judgment or decree, upon the real property described in the
> mortgage subject of this foreclosure, and their personal
> representatives and all persons claiming to have acquired
> any estate or interest in the premises, subsequent to the
> filing of this action, be forever barred and foreclosed of and
> from all equity of redemption and claim to the mortgage or
> premises, and every part or parcel thereof, from and after
> the delivery of the U.S. Marshal's Deed.

*JDFOS, ¶ 11.*

On March 6, 2008, the United States Department of Agriculture purchased the

Bighorn County property at the United States Marshal sale. CV-06-40-BLG-CSO, *Court's*

*Doc. No. 98, Ex. 1.* The Court confirmed the sale. CV-06-40-BLG-CSO, *Court's Doc.*

*No. 99.*

## II.    **PARTIES' ARGUMENTS**

The United States requests that the Court dismiss all claims against it, with

prejudice, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for

failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).

*United States' MTD (Court's Doc. No. 14) at 2.* Specifically, the United States argues

that Lande Jr. essentially attempts to collaterally attack the January 10, 2008,

Judgment, Decree of Foreclosure and Order of Sale issued by this Court in United

States v. Paul A. Lande Sr., Jeanne R. Lande, et al., CV-06-40-BLG-CSO. *Br. Supporting*

-3-

*MTD (Court's Doc. No. 15) at 1-2.* They argue that the Second Amended Complaint ("SAC") should be dismissed for failure to state a claim, lack of subject matter jurisdiction, lack of standing, and lack of case or controversy. *Id. at 2.*

The United States argues that the SAC fails to state a claim because it admits that Lande Jr. owned no interest in the real property at the time the foreclosure action was filed, and thus Lande Jr. is bound by the foreclosure judgment under Montana law. *Id. at 3-4.* For the same reason, Lande Jr. cannot seek review of the denial of his motion to intervene in the underlying case. *Id. at 4.* This is also true of any attempt to re-litigate Lande Jr.'s Fed. R. Civ. P. 60(b) motion in the underlying action, which he lacked standing to file. *Id. at 6-9.*

Finally, the United States argues that the Department of Interior ("DOI") has no current interest in the real property at issue. *Id. at 10.* Thus, the SAC fails to state a claim against the DOI because there is no ripe case or controversy as to the DOI. *Id. at 11.*

Lande Jr.'s primary argument is that the lis pendens and foreclosure in the underlying case were not based on an existing valid mortgage lien. *Lande's Response Br. to MTD (Court's Doc. No. 18) at 4.* They argue that a mortgage of real property can be extended only by a writing. *Id.* In 1989, a new mortgage was made, extending final payment by several months on the debt secured by the 1980 mortgage. *Id. at 3.* Subsequently, no notice of extension of payment was made in writing, as required by law. *Id.* Thus, the status of the mortgage was not shown by the lis pendens when

-4-

Lande Jr. took a quitclaim deed, and the mortgage did not attach as to Lande Jr. *Id. at 6.*

Lande Jr. argues that the United States, in the underlying action, wrongly argued that the mortgage gave the United States the right to extend payment, and that the extension of payment violated Montana law. *Id. at 7-8.*

Lande Jr. argues that his due process rights were violated by the entry, without notice to him, of the underlying Judgment, Decree of Foreclosure and Order of Sale. Thus, the judgment is void. The United States obtained the judgment by stealth, rather than briefing the issues prior to the Court's decision. *Id. at 8-10.*

Finally, Lande Jr. argues that Paul Lande Sr. had, at the time the underlying foreclosure action was commenced, a pending discrimination complaint before the United States Department of Agriculture, which was a legal barrier to the foreclosure. *Id. at 11.* Thus, the judgment was obtained based on unlawful jurisdiction. *Id. at 12.* Lande Jr. also presents proposed Findings of Fact and Conclusions of Law. *Id. at 12-16.*

The United States replies that Lande Jr. continues to attempt to argue the positions of Lande Sr. without standing to do so. *United States' Reply Br. (Court's Doc. No. 19) at 2.* Also, there is no limitation period on enforcement of a Federal mortgage. *Id. at 3.* Finally, the notes and mortgage at issue in the underlying action specifically allowed the maturity date to be extended. *Id.* The mortgage itself provides that the United States may defer maturity of and reschedule payments on the debt without

affecting lien priority, meeting the requirements of Montana law. *Id. at 4.* The very purpose of those Montana laws was to protect purchasers from stale mortgages resulting in encumbrances not on the record. *Id.* Here, the records showed that the United States' mortgage was expected to provide security through at least 2020, even without an extension. *Id.*

## III.   DISCUSSION

The Court concludes that the SAC is barred by *res judicata*, and Lande Jr. is bound by the Judgment, Decree of Foreclosure, and Order of Sale issued against the property in question.   Further, the SAC must be dismissed for lack of subject matter jurisdiction to the extent it seeks relief from prospective claims against the property not yet made.

### A.   Motion to Dismiss Standard

Motions to dismiss may not be granted unless the plaintiff can prove no set of facts which would entitle him to relief. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).   The Court must take all allegations of material fact as true and construe them in the light most favorable to the plaintiffs. Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999). See also Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955, 1964-65 (2007).   "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice[.]" Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).   However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

-6-

dismiss." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

A complaint may be dismissed without leave to amend only "when it is clear that the complaint cannot be saved by further amendment." Big Bear Lodging Ass'n, 182 F.3d at 1101 (citing Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir. 1996)).

## **B.**   **Res Judicata**

Even if the quitclaim deed is valid, Lande Jr.'s claim fails because he is bound by the foreclosure judgment. "The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Headwaters, Inc. v. U.S. Forest Service, 382 F.3d 1025, 1028 (9th Cir. 2004). Three elements are necessary to establish *res judicata* : "(1) an identity of the claims, (2) a final judgment on the merits, and (3) privity between the parties." Id. at 1029 (quoting Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). The Court discusses each element in turn.

### **1.**   **Identity of Claims**

To determine whether the present dispute contains an identity of claims with the past litigation, courts under the Ninth Circuit consider:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

Id. (quoting Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

An identity of claims clearly exists here. Lande Jr. seeks to destroy or impair the interests established in the underlying action by attempting to void the judgment. The evidence in the two actions, the United States' notes and mortgage, is virtually identical. Both suits involve an interest in the same piece of property. Finally, and most importantly, both suits arise from the same transactional nucleus of facts, namely those surrounding the United States' notes and mortgage.

### 2.   A Final Judgment on the Merits

The Court, by its Judgment, Decree of Foreclosure and Order of Sale, has issued a final judgment on the merits in the underlying action. See U.S. v. Paul A. Lande et. al., CV-06-40-BLG-CSO, Court's Doc. No. 90.

### 3.   Privity Between the Parties

"Federal Courts have deemed several relationships 'sufficiently close' to justify a finding of 'privity' and, therefore, preclusion under the doctrine of *res judicata*[.]" Id. at 1030 (quoting Sierra-Tahoe, 322 F.3d at 1082). "First, a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party." Id. (quoting Sierra-Tahoe, 322 F.3d at 1082). Applying this legal principle to a bona fide purchaser of a business, the United States Supreme Court observed: "Persons acquiring an interest in property that is a subject of litigation are bound by, or entitled to the benefit of, a subsequent judgment, despite lack of knowledge." Golden State Bottling Co., Inc. v. N.R.L.B., 414 U.S. 168, 179 (1973). Thus, the Supreme Court held "that a bona fide purchaser, acquiring, with knowledge that the wrong remains unremedied,

-8-

the employment which was the locus of the unfair labor practice, may be considered in

privity with its predecessor" and must reinstate the predecessor's employee with

backpay, in accord with an N.R.L.B. order.  Id. at 180.

Further, the Ninth Circuit has observed that finding privity in cases concerning

interests in real property is particularly appropriate because "[t]he policies advanced by

the doctrine of *res judicata* perhaps are at their zenith in cases concerning real

property, land and water."  Sierra-Tahoe, 322 F.3d at 1082 (quoting Nevada v. United

States, 463 U.S. 110, 129 n. 10 (1983)).

Montana law is in accord:

> A person holding a conveyance from or under the mortgagor
> of the property mortgaged or having a lien on the property,
> which conveyance or lien does not appear of record in the
> proper office at the time of the commencement of the
> action, does not have to be made a party to the action.  The
> judgment and the proceedings are as conclusive against the
> party holding the unrecorded conveyance or lien as if the
> holding party had been made a party to the action.

Mont. Code Ann. § 71-1-222(3)(2007); see also Fox v. Clarys, 227 Mont. 194, 196, 738

P.2d 104, 105 (1987) ("The doctrine of lis pendens was created to hold the subject

matter of the litigation within the jurisdiction and control of the court during the

pendency of the action so that any final relief granted by the court would be at once

binding and effective.  This doctrine generally renders third persons who subsequently

purchase or encumber an interest in the subject property bound by the final disposition

of the action.") (internal citation omitted).

It is undisputed that Lande Jr.'s quitclaim deed, filed of record July 31, 2007,

-9-

postdates the United States' instigation of the foreclosure action and filing of a lis

pendens on March 24, 2006.  Thus, the property was already the subject of litigation

when Lande Jr. filed the quitclaim deed.  Assuming Lande Jr. is a successor in interest

to the property, he is in privity with the previous owner, Lande Sr., and is bound by this

Court's judgment on the property, which found that the mortgage was valid and

approved foreclosure.  *Res Judicata* prevents Lande Jr., as a successor in interest, from

making this collateral attack on the validity of the mortgage and foreclosure.

Finally, it is clear that further amendment will not change the *res judicata* bar.

Thus, the claims against the United States should be dismissed with prejudice.  Big

Bear Lodging Ass'n, 182 F.3d at 1101 (citing  Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir.

1996)).

### C.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.    Article III, § 2 of the United

States Constitution empowers them to hear only "cases" and "controversies."  Thus,

federal courts may only exercise judicial power in the context of a genuine case or

controversy under Article III.  SEC v. Medical Committee for Human Rights, 404 U.S.

403, 407 (1972).

Accordingly, federal courts may not decide abstract or hypothetical cases.  "A

justiciable controversy is thus distinguished from a difference or dispute of a

hypothetical or abstract character[.]" Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,

300 U.S. 227, 240 (1937).  Federal courts lack the power to issue "an opinion advising

-10-

what the law would be upon a hypothetical state of facts." Id. at 241.

Based upon the standards above, portions of the SAC request an advisory opinion outside the Court's subject matter jurisdiction. The entirety of Lande Jr.'s second request for relief, and part of the third request, ask for a declaration of invalidity regarding "claims that might become clouds on the title" and "claims ... to be made clouding Plaintiffs' title[.]" *SAC at 7.* The SAC, to the extent it asks for relief from potential claims not yet made, is outside the Court's jurisdiction. The speculative possibility of a future dispute, which has not yet arisen, does not present a case or controversy the Court is empowered to hear. Accordingly, Lande Jr.'s requests for preemptive relief, which encompass the entirety of his claims against the United States Department of the Interior, must be dismissed for lack of subject matter jurisdiction, in addition to being barred by *res judicata*.

## IV.   CONCLUSION

Lande Jr.'s claims against the United States are barred by *res judicata*, and the Court lacks subject matter jurisdiction over his requests for preemptive relief from claims not yet made. Accordingly, **IT IS RECOMMENDED** that the United States' Motion to Dismiss (*Court's Doc. No. 14*), be **GRANTED**, and the claims against defendants Charles F. Conners, in his official capacity as Secretary of the United States Department of Agriculture, and Dirk Kempthorne, in his official capacity as Secretary of the United States Department of the Interior be **DISMISSED WITH PREJUDICE.**

-11-

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of this Findings and Recommendation upon the parties.  All parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), any objections to the Findings and Recommendation must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

DATED this 7th day of May, 2008.

Carolyn S. Ostby
United States Magistrate Judge