FILED
BILLINGS DIV.
2008 SEP 3 AM 11 29
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| PAUL LANDE, JR., and BARBARA J. LANDE, <br><br>Plaintiffs,<br><br>vs.<br><br>PAUL LANDE, SR., JEANNE R. LANDE, and CHARLES F. CONNERS, Secretary of Agriculture, United States of America, et al.,<br><br>Defendants. | CV-08-02-BLG-RFC<br><br><br><br>ORDER |

On May 7, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that this Court grant the United States' Motion to Dismiss.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed an objection on June 16, 2008. The United States responded to Plaintiffs' objections on June 27, 2008. Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). Plaintiffs' objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be

1

adopted in their entirety. Plaintiffs' Second Amended Complaint (SAC) is barred by *res judicata* and Lande Jr. is bound by the Judgment, Decree of Foreclosure, and Order of Sale issued against the property in question. Additionally, the SAC must be dismissed for lack of subject matter jurisdiction to the extent it seeks relief from prospective claims against the property not yet made.

First, "the doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters, Inc. v. U.S. Forest Service*, 382 F.3d 1025, 1028 (9th Cir. 2004). Three elements are necessary to establish *res judicata*: "(1) an identity of the claims, (2) a final judgment on the merits, and (3) privity between the parties. *Id.* at 1029 (quoting *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

To determine whether the present dispute concerns an identity of claims with the past litigation, courts under the Ninth Circuit consider:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

An identity of claims clearly exists here. Lande Jr. seeks to destroy or impair the interests established in the underlying action by attempting to void the judgment. The evidence in the two actions, the United States' notes and mortgage, is virtually identical. Both suits involve an interest in the same piece of property. Finally, both suits arise out of the same transactional nucleus of facts, namely those surrounding the United States' notes and mortgage.

With regard to whether there is a final judgment on the merits, the Court, by its Judgment, Decree of Foreclosure and Order of Sale, has issued a final judgment on the merits in the underlying action. *See U.S. v. Paul A. Lande et al.,* CV-06-40-BLG-CSO, *doc. # 90.*

When considering privity, "[f]ederal Courts have deemed several relationships 'sufficiently close' to justify a finding of 'privity' and, therefore, preclusion under the doctrine of *res judicata*[.]" *Id.* at 1030. Applying this legal principle to a bona fide purchaser of a business, the United States Supreme Court observed: "Persons acquiring an interest in property that is a subject of litigation are bound by, or entitled to the benefit of, a subsequent judgment, despite lack of knowledge." *Golden State Bottling Co., Inc. v. N.R.L.B.*, 414 U.S. 168, 179 (1973). Thus, the Supreme Court held "that a bona fide purchaser, acquiring, with knowledge that the wrong remains unremedied, the employment which was the locus of the unfair labor practice, maybe considered in privity with its predecessor" and must reinstate the predecessor's employee with backpay, in accord with an N.R.L.B. order. *Id.* at 810.

Further, the Ninth Circuit has observed that finding privity in cases concerning interests in real property is particularly appropriate because "[t]he policies advanced by the doctrine of *res judicata* perhaps are at their zenith in cases concerning real property, land and water." *Sierra-Tahoe*, 322 F.3d at 1082 (quoting *Nevada v. United States*, 463 U.S. 110, 129 n.10 (1983)).

It is undisputed that Lande Jr.'s quitclaim deed, filed of record July 31, 2007, postdates the United States' instigation of the foreclosure action and filing of a lis pendens on March 24, 2006. Thus, the property was already the subject of litigation when Lande Jr. filed the quitclaim deed. Assuming Lande Jr. is the successor in interest to the property, he is in privity with the previous owner, Lande Sr., and is bound by this Court's judgment on the property, which found

that the mortgage was valid and approved foreclosure. *Res judicata* prevents Lande Jr., as a successor in interest, from making this collateral attack on the validity of the mortgage and foreclosure.

Further amendment by Plaintiffs will not change the *res judicata* bar.

When looking at the subject matter jurisdiction, federal courts are courts of limited jurisdiction. Article III, § 2 of the United States Constitution empowers them to hear only "cases" and "controversies." Thus, federal courts may only exercise judicial power in the context of a genuine case or controversy under Article III. *SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 407 (1972). Federal courts may not decide abstract or hypothetical cases. "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character[.]" *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 ((1937).

Based upon these standards, portions of the SAC request an advisory opinion outside of the Court's subject matter jurisdiction. The entirety of Lande Jr.'s second request for relief, and part of the third request, ask for a declaration of invalidity regarding "claims that might become clouds on the title" and "claims . . . to be made clouding Plaintiffs' title[.]" *SAC at 7*. Relief from potential claim not yet made is outside the Court's jurisdiction. Accordingly, Lande Jr.'s requests for preemptive relief must be dismissed for lack of subject matter jurisdiction, in addition to being barred by *res judicata*.

Accordingly, **IT IS HEREBY ORDERED** that the United States' Motion to Dismiss [*doc. #14*] is **GRANTED** and the claims against defendants Charles F. Conners, in his official capacity as Secretary of the United States Department of Agriculture, and Dirk Kempthorne, in

4

his official capacity as Secretary of the United States Department of the Interior are

**DISMISSED WITH PREJUDICE.**

The Clerk of Court shall notify the parties of the making of this order.

DATED this 2nd day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

5